UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | |
| | § | 2:25-CR-0053-X-BR-1 |
| v. | § § | |
| DONALD RAY MCCRAY., | § § | |
| *Defendant.* | § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE
JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case (FCR). (Doc. 94). Defendant Donald McCray filed objections. (Doc. 104). McCray's objections are rooted in the continued assertion that McCray has a fundamental right to represent himself and because he desires to present his own defense *pro se* and "[t]hat should settle the matter."[1] The Supreme Court would disagree.[2]

Yes, McCray "has clearly, unequivocally, knowingly, and intelligently waived his Sixth Amendment right to counsel."[3] But, McCray "has subsequently waived his

---

[1] Doc. 104 at 2.

[2] "The Supreme Court rejected the notion that the Sixth Amendment right to be present at one's own trial is absolute regardless of the defendant's unruly or disruptive conduct." *United States v. Hill*, 63 F.4th 335, 349 (5th Cir. 2023) (citing *Illinois v. Allen*, 397 U.S. 337, 342 (1970)).

[3] Doc. 94 at 1.

1

right to represent himself by deliberate and serious obstructionist conduct."[4] Exceptions to the Sixth Amendment exist "that could justify a court's decision to withhold" the right of self-representation.[5]

Tellingly, McCray's objections fail to analyze how McCray's obstructionist conduct undermines his ability to represent himself—amounting to a concession of McCray's "serious and obstructionist misconduct."[6]   Nor do McCray's objections address the fact that "once a pro se defendant is removed from the courtroom for disruptive behavior, the appropriate procedure is for the court to revoke pro se status."[7]   Likely because McCray has been removed from multiple court proceedings due to his disruptive and obstructionist behavior.[8]

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

For the reasons stated in the findings, conclusions, and recommendation of the United States Magistrate Judge, the Court **DENIES** Defendant Donald McCray's

---

[4] *Id.*

[5] *Id.* at 5; *see e.g. Faretta v. California*, 422 U.S. 806 (1975); *Illinois v. Allen*, 397 U.S. 337 (1970); *United States v. Hill*, 63 F.4th 335 (5th Cir. 2023).

[6] *United States v. Hill*, 63 F.4th at 349.

[7] *Id.*

[8] Doc. 94 at 7.

motion to dismiss appointed counsel and represent himself.    (Doc. 81).

To clarify, because McCray has waived his right to represent himself by his deliberate and serious obstructionist conduct the Office of the Federal Public Defender for the Northern District of Texas will represent McCray as full counsel and not stand-by counsel in these proceedings.

**IT IS SO ORDERED** this 27th day of March 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE